# EXHIBIT 1

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>The real property and premises known as<br>12737 Heron Ridge Drive, in Fairfax, Virginia | )<br>)<br>) Case No.  1:16sw 440<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Virginia_____
*(identify the person or describe the property to be searched and give its location)*:

The premises known as 12737 Heron Ridge Dr., in Fairfax, VA, is the 2nd (from the east) of 7 townhouses on the north side of Heron Ridge Dr., northwest of the intersection of Fairfax County Parkway and Lee Highway. It is a 1-family, 3-level town house with beige siding & dark-colored shutters next to 3 of the 4 windows on the front side, above a red brick 1-car garage. Above the white garage door is a light-colored placard attached to the brick, bearing the black numbers "12737". A walkway leads from the driveway to a dark colored front door by a small porch area with 2 white pillars supporting a small overhang.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment A

**YOU ARE COMMANDED** to execute this warrant on or before _____August 16, 2016_____   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Theresa Carroll Buchanan_____
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   08/02/2016  3:30 pm      /s/
                                                  Theresa Carroll Buchanan
                                                  United States Magistrate Judge
                                                       *Judge's signature*

City and state:   Alexandria, VA         Theresa Carroll Buchanan, U.S. Magistrate Judge
                                              *Printed name and title*

## ATTACHMENT A

## ITEMS TO BE SEIZED

1. All records and documents, however maintained, that concern the international transfer of money or assets, or the procurement of any item that may have been involved in or in support of terrorist or violent acts, including photographs, correspondence, and safe deposit keys.

2. All records and documents, however maintained, referring or relating to identities or aliases of Nicholas Young.

3. All records and documents, however maintained, referring or relating to past travel or planned travel by Nicholas Young, including airline tickets, credit card bills, bank records, checks, itineraries, passports, and visas.

4. Any and all records, documents, invoices and materials that concern any accounts with any internet service provider;

5. All records, documents, and paraphernalia, however maintained, relating to ISIL/ISIS (or any of its aliases), other designated terrorist groups, or any individual or group engaged in terrorism or terrorist activity, or communications with or involving such groups and/or individuals.

6. All contact lists, however maintained (including but not limited to names, addresses, phone numbers, Internet accounts or usernames, photographs or other identifying information) of individuals associated with Nicholas Young and/or foreign terrorist groups.

7. All records and documents, however maintained, referring or relating to the purchase or use of gift cards, encryption programs, or applications that may be used for clandestine or covert communications.

8. All records and documents, however maintained, referring or relating to any storage facilities, safety deposit boxes, mailboxes, or other locations where any of the foregoing items may be located.

9. Any and all firearms, ammunition, body armor, military-style equipment, or explosive materials or their precursors.

10. Any communications or electronic device capable of storing any of the items to be seized, including but not limited to all cellular phones, smart phones, electronic data processing and storage devices, computers and computer systems, keyboards and other associated peripherals, Central Processing Units, external and/or internal drives, portable drives, external and internal storage devices such as magnetic tapes and/or disks or diskettes, together with system documentation, operating logs, software and manuals, passwords, test keys, encryption codes or similar codes that are necessary to access computer programs, and the stored contents of the items described in this paragraph, which may be searched for only the items listed above.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The real property and premises known as 12737 Heron Ridge Drive, in Fairfax, Virginia

Case No. 1:16sw 490

AUG 2 2016

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
The real property and premises known as 12737 Heron Ridge Drive, in Fairfax, Virginia

located in the _____Eastern_____ District of _____Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2339B | Attempt to provide material support to a designated foreign terrorist organization |
| 18 U.S.C. § 1512 | Obstruction of Justice |
| 18 U.S.C. § 1001 | False Statements |

The application is based on these facts:
See Attached Affidavit

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

David Martinez, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/02/2016

*Judge's signature*

City and state: Alexandria, VA

Theresa Carroll Buchanan, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

AUG 2 2016

| | | |
|---|---|---|
| IN RE: SEARCH OF THE PREMISES | ) | |
| AT 12737 HERON RIDGE DRIVE, | ) | 1:16sw 440 |
| FAIRFAX, VIRGINIA | ) | |

AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, David Martinez, after being duly sworn, depose and state as follows:

1. I was the affiant on the affidavit in support of a criminal complaint and arrest warrant, charging Nicholas Young with attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, Case No. 1:16mj355. I hereby incorporate the contents of that affidavit ("the Criminal Complaint Affidavit") as though fully set forth herein.

2. This affidavit is submitted in support of an application to search the residence of Nicholas Young, at 12737 Heron Ridge Drive, in Fairfax, Virginia. Based on the facts set forth in this affidavit (and incorporating the facts contained in the Criminal Complaint Affidavit), there is probable cause that within that property is evidence, more particularly described in Attachment A, of violations of federal law, including attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B; aiding and abetting another's attempts to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. §§ 2339B and 2; making false statements to the FBI, in violation of 18 U.S.C. § 1001; and obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(2), 1512(b)(1), and 1512(b)(3).

3. This affidavit is being submitted for the limited purpose of obtaining a search warrant. As a result, it does not include each and every fact observed by me or known to the government. When I assert that a statement was made by an individual, that statement is described in substance and in part, but my assertion is not intended to constitute a verbatim recitation of the entire statement. When I assert that an event occurred or a communication was made on a certain date, I mean that the event occurred or the communication was made "on or about" that date.

4. In addition to the information contained in the Criminal Complaint Affidavit, I bring to the Court's attention also the following facts:

   A. <u>Young Resides at 12737 Heron Ridge Drive in Fairfax, Virginia</u>

5. On May 9, 2015, the FBI interviewed an individual who was until recently a close friend of Young. This individual, who I will refer to here as CW, consented to the search of CW's electronic devices, which reflected numerous communications with and photographs of Young. CW allowed the investigators to take photographs of CW's communications with Young. CW said that Young resided in a house that Young had inherited from his parents, at 12737 Heron Ridge Drive, in Fairfax, Virginia. CW said that CW had been at Young's residence on many occasions, and that Young maintains several firearms in a gun safe in his residence. CW said that Young once asked CW about the chemical components of gun powder, but that CW refused to answer the question for fear that Young would attempt to make something in CW's residence.

6. As noted in the Criminal Complaint Affidavit, Young was interviewed by law enforcement officials on June 1, 2015, and again on December 5, 2015. Both of those interviews took place at Young's residence, at 12737 Heron Ridge Drive in Fairfax, Virginia.

2

7. According to the records of the Metro Transit Police, as of July 31, 2016, Young resides at 12737 Heron Ridge Drive in Fairfax, Virginia. According to records of BB&T Bank, Nicholas Young deposited a check on February 25, 2016, and provided his address to the bank as 12737 Heron Ridge Dr, Fairfax, Virginia.

8. According to the records of the Virginia Department of Motor Vehicles, as of July 31, 2016, Nicholas Young, of 12737 Heron Ridge Drive, Fairfax, Virginia, was the registered owner of one 2003 black Dodge, bearing Vehicle Identification Number 1D7HG38N23S289168, and Virginia license tags WITNSME. On July 31, 2016, Fairfax County police observed Young's 2013 black Dodge, bearing Virginia license tags WITNSME, parked by his house at 12737 Heron Ridge Drive in Fairfax, Virginia.

B.  Evidence Is Likely to be Found in the Residence

9. Based on my knowledge, training and experience, as well as that of other agents assigned to this investigation from the FBI, I know that individuals generally keep important documents and financial records in their home or office. Inasmuch as Young is employed at various locations for the transit police so that he does not have a permanent office at any particular site, I believe that his residence is the location in which he keeps his important records. These records include records relating to income, assets, and expenditures, and are likely to be relevant to his purchase of gift cards for transmission to CHS and ISIL in July 2016, as well as assets that he sought to send overseas in 2015. Such records are also likely to be relevant to his contacts with terrorist groups in the past, and his past travel or attempts to travel overseas to fight on behalf of terrorist groups.

10. Based on my knowledge, training and experience, as well as that of other agents assigned to this investigation from the FBI, I know that these important records are often

maintained in hard copy and/or digital form, such as on computers and other electronic devices. This application seeks permission to search and seize records that might be found in Young's residence, in whatever form they are found. One form in which records might be found is stored on the hard drive or other storage media of a computer or other electronic devices. Some of these electronic records might take the form of files, documents, and other data that is user-generated. Some of these electronic records, as explained below, might take a form that becomes meaningful only upon forensic analysis.

    11. I know that Young uses electronic devices and is sophisticated about computer matters. As described in the Criminal Complaint Affidavit, Young not only showed a pro-ISIL video to CHS on YouTube and later explained to CHS how to set up an email account that would be difficult to trace back to CHS, but also communicated with UCO2 through a text message, through that email account, and later through a mobile messaging application. Young told UCO2 that Young used "burner" phones, and appeared to use one such "burner" phone in order to transmit the codes from the gift cards to UCO2 last month; after all, he used two different accounts of the mobile messaging application in order to communicate with CHS's Mobile Messaging Account. In addition, Young told UCO2 that Young believed that the U.S. government was spying on Young through Young's electronic devices.

    12. Moreover, as described in the Criminal Complaint Affidavit, Young spoke to FBI agents in September 2010; on that occasion, he told the FBI that he maintained a Facebook page. As described in the Criminal Complaint Affidavit, he also spoke to law enforcement authorities on June 1, 2015; on that occasion, he told the interviewing officers that he used an internet dating site. Further, in June 2012, a fellow officer in the Metro Transit Police who was then close

4

friends with Young told the FBI that Young regularly used the internet and blogged on websites that he visited.

13. Finally, in May 2015, CW provided the FBI with the addresses of Young's Facebook page and an email account. CW also said that Young played Battlefield 4 on a Playstation 4 at Young's residence. Based on my knowledge and experience, Playstation 4s have the ability to send other Playstation 4 users messages similar to emails. Playstation 4s also have the ability to browse the internet and login into email and other communication services to communicate with others online.

14. Based on the information described above, Young is likely to use and maintain electronic media equipment. Based on my training and experience, he is likely to use and maintain such equipment in his residence. There is probable cause to believe evidence will be found in such electronic media for at least the following reasons:

    a.    Based on my knowledge and training, I know that computer files or remnants of computer files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file op a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

    b.    Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space - that is, in space on the storage medium that is not currently being used by an active file - for long periods of time before they are overwritten. In addition, a

computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media- in particular, computers' internal hard drives - contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. This evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache." The browser often maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages or if a user takes steps to delete them.

15. In light of these concerns, I request authority to seize the computer hardware, storage media, and associated peripherals that are believed to contain some or all of the evidence described in the warrant, and to conduct an off-site search of the hardware for the evidence described if, upon arriving at the scene, the agents executing the search conclude that it would be impractical to search the hardware, media, or peripherals on-site for this evidence. I further seek authority to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how computers were used, the purpose of their use, who used them, and when.

16. Based on the visit of FBI agents to Young's residence in December 2015, I know that the residence at 12737 Heron Ridge Drive, Fairfax, Virginia, is the second (from the east) of seven townhouses on the north side of Heron Ridge Drive, northwest of the intersection of Fairfax County Parkway and Lee Highway. The residence is a single family, three-level town house with beige siding and dark-colored shutters next to three of the four windows on the front side, above a red brick one-car garage. Above the white garage door is a light-colored placard attached to the brick, bearing the black numbers "12737". A walkway leads from the driveway to a dark colored front door by a porch area with two white pillars supporting a small overhang.

## Conclusion

17. Based on the foregoing (and incorporating the information in the Criminal Complaint Affidavit), there is probable cause to believe that evidence of violations of federal law, including attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B; aiding and abetting another's attempts to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. §§ 2339B and 2; making false statements to the FBI, in violation of 18 U.S.C. § 1001; and obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(2), 1512(b)(1), and 1512(b)(3), more particularly described on Attachment A, will be found in the residence at 12737 Heron Ridge Drive in Fairfax, Virginia.

Wherefore, I request the issuance of a search warrant pursuant to the Federal Rules of Criminal Procedure.

FURTHER THIS AFFIANT SAYETH NOT.

David Martinez
Special Agent, FBI

Subscribed to and sworn before me on this 2nd day of August 2016.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

## ITEMS TO BE SEIZED

1. All records and documents, however maintained, that concern the international transfer of money or assets, or the procurement of any item that may have been involved in or in support of terrorist or violent acts, including photographs, correspondence, and safe deposit keys.

2. All records and documents, however maintained, referring or relating to identities or aliases of Nicholas Young.

3. All records and documents, however maintained, referring or relating to past travel or planned travel by Nicholas Young, including airline tickets, credit card bills, bank records, checks, itineraries, passports, and visas.

4. Any and all records, documents, invoices and materials that concern any accounts with any internet service provider;

5. All records, documents, and paraphernalia, however maintained, relating to ISIL/ISIS (or any of its aliases), other designated terrorist groups, or any individual or group engaged in terrorism or terrorist activity, or communications with or involving such groups and/or individuals.

6. All contact lists, however maintained (including but not limited to names, addresses, phone numbers, Internet accounts or usernames, photographs or other identifying information) of individuals associated with Nicholas Young and/or foreign terrorist groups.

7. All records and documents, however maintained, referring or relating to the purchase or use of gift cards, encryption programs, or applications that may be used for clandestine or covert communications.

8. All records and documents, however maintained, referring or relating to any storage facilities, safety deposit boxes, mailboxes, or other locations where any of the foregoing items may be located.

9. Any and all firearms, ammunition, body armor, military-style equipment, or explosive materials or their precursors.

10. Any communications or electronic device capable of storing any of the items to be seized, including but not limited to all cellular phones, smart phones, electronic data processing and storage devices, computers and computer systems, keyboards and other associated peripherals, Central Processing Units, external and/or internal drives, portable drives, external and internal storage devices such as magnetic tapes and/or disks or diskettes, together with system documentation, operating logs, software and manuals, passwords, test keys, encryption codes or similar codes that are necessary to access computer programs, and the stored contents of the items described in this paragraph, which may be searched for only the items listed above.