**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 16cr265 (LMB) |
| | ) |
| | ) |
| NICHOLAS YOUNG, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT NICHOLAS YOUNG'S RESPONSE TO NOTICE OF NOTIFICATION FROM UNITED STATES MARSHALS SERVICE**

Defendant Nicholas Young, through his undersigned counsel, submits this response to a document filed by the government entitled "Notice of Notification from United States Marshals Service." ECF 89. The Notice was filed at the close of business on Friday, May 5, 2017. The Notice represents that – a month ago – the United States Marshals Service recorded an April 5, 2017 phone interview between Mr. Young and the media. ECF 89, p. 1. It adds that, on April 21, 2017, the "electronic file of the interview" was forwarded to the U.S. Attorney's Office. *Id.*, p. 2.

Although the government's filing is styled a "Notice" – and not a motion – the Notice moves the Court to "grant[] permission for the U.S. Attorney's Office to review the recording of the interview." ECF 89, p. 2. The government does not explain why, if the recording of the interview was lawfully made, the Court's permission is sought. Further, although the government represents it has not already reviewed the interview recording, it insinuates the content of the recording may somehow "constitute a violation of the EDVA Local Rules." *Id*. The government declines to explain how or why it alludes to Local Rule violations before it has

1

even "accessed the links" to the recording. *Id.* Nor does it specify which Local Rule has been violated – in theory. Nor does it explain why an interview between a party and the media, protected First Amendment speech, would implicate the Local Rules, which govern attorney conduct. *Id.* Nor, finally, does it explain why the Notice has only been filed a month after the recording was made. *Id.*

Taken together, then, without providing a factual foundation, the government insinuates defense counsel and/or Mr. Young have somehow run afoul of the rules and that the Court should be prejudiced against the defense, and take some unspecified action, on account of a nonspecific violation, a month after the event. *Id.*

Mr. Young does not need to point out to the Court that the Notice may be an attempt to wave a red flag in front it. Taking the government at its word that it has not reviewed the recording, it presents innuendo to the Court hinting defense counsel/Mr. Young have violated the Local Rules – but without offering any factual foundation. Absent citations to specific Local Rules and facts, undersigned counsel can only offer speculative responses. The Notice could be understood to insinuate that Young and/or his family – whose personal decision it was to speak to the media – have somehow breached the Local Rules by conducting a press interview. If so, the government's suggestion of impropriety is plainly misplaced because: (a) the Young family carefully reviewed the jail's published policies and procedures before conducting the interview; (b) the conversation in question is speech protected under the First Amendment to the U.S. Constitution; and, at all events, (c) the Young family has made numerous efforts to contact the relevant authorities at Northern Neck Regional Jail to explain their position vis-à-vis the media – by phone, email, and in person meeting – all of which have been utterly ignored. Indeed, the family's Skype communication privileges with Mr. Young have recently been entirely revoked

without explanation. Efforts to fix the problem have gone unanswered (as have efforts to understand why the jail is prohibiting Mr. Young from participating in group prayer).[1]

Mr. Young and undersigned counsel have a good deal more to say about recordings of Mr. Young's jail conversations, improper communications with the media, and improper disclosures. Out of consideration for the Court's limited time and resources, Mr. Young had decided not to burden the Court with these issues despite misgivings. Mr. Young would prefer to litigate this case on the merits. For those reasons, he will wait for the government to clarify its position on suggested breaches of the Local Rules before responding more fully and burdening this Court with ancillary issues.

Dated: May 7, 2017.　　　　　　　　　　　Respectfully submitted,

**DAVID B. SMITH, PLLC**

David B. Smith (VA Bar No. 25930)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (admitted *pro hac vice*)
7 East 20th Street
New York, NY 10003
Phone: (917) 722-1096
nds@davidbsmithpllc.com

---

[1] On the other hand, the Notice could be understood to insinuate that undersigned counsel somehow violated the rules in connection with the interview. The only conceivable rule suggesting itself to the defense is Local Rule 57.1 (c), which, from the filing of the complaint, prohibits attorneys from "releasing" certain "extrajudicial statements" they expect would be further disseminated by the press. In that case, the government's innuendo would have it exactly backwards. Undersigned counsel's involvement with the press consisted of precisely the following: intervening to have the interview concluded almost immediately after it commenced. To be sure, that action was in no way based on counsel's view that Mr. Young's personal decision to partake in the interview would somehow violate the Local Rules (or anything else). Nonetheless, it is conduct that is the opposite of the actions prohibited in Local Rule 57.1. Certainly, undersigned counsel would not "reasonably expect" the decision to end a press interview would be "further disseminated." Local Crim. R. 57.1(c).