

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Virginia*

Justin W. Williams United States Attorney's Building
2100 Jamieson Ave
Alexandria, Virginia  22314-5794
(703)-299-3700

*Transmitted by email*

November 17, 2017

Linda Moreno P.A.
511 Avenue of the Americas, No. 312
New York, New York 10011
lindamoreno.esquire@gmail.com

      Re:    <u>U.S. v. Young, No. 1:16cr265  Discovery Letter #24</u>

Dear Linda:

      1.  This is to notify you that the United States is likely to offer testimony from Arlington County Police Corporal Ian Campbell.  Corporal Campbell presents training to other police officers on "Ideological Indicators of Extremism." The information in his presentation is based upon his own knowledge and research, and is intended to provide police officers with further information regarding the subject matter for which to conduct more thorough investigations regarding subjects who *may* adhere to extremist ideologies.

      As you know, when Corporal Campbell was in college with your client, they attended a rally of a Neo-Nazi group.  I think that you also know that, in about 2010, your client gifted to Corporal Campbell the book *Serpent's Walk*.  Not surprisingly, Corporal Campbell is expected to testify about those events.  Accordingly, I believe that Corporal Campbell will be a fact witness.  Nevertheless, when he talks about what he has learned about subjects such as William Pierce, the National Alliance, *Hunter,* the *Turner Diaries,* you might claim that he is providing expert testimony.  Out of what may be an abundance of caution, I am, accordingly, notifying you pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702 and 703, that Corporal Campbell may offer expert testimony.  A copy of Officer Campbell's slide presentation that contains the gist of that portion of his testimony is included with this letter.

      2.  The Discovery Order entered in this case on January 18, 2017 directs that we provide you with notice of F.R.E. 404(b) evidence that we intend to use at trial.  I suspect that doing so at this point is superfluous because we have extensively litigated the evidence that may be admitted at trial to show your client's predisposition.  Nevertheless, I hereby notify you that we intend to introduce all of the items on the exhibit list that we provided you in May 2017 in connection with Discovery Letter #19; as you know, the items on that list *except* for the purchase and

*U.S. v.Young*, 1:16cr265, Discovery Letter #24
November 17, 2017
Page 2

transmission of the gift cards generally are intended to establish your client's intent and predisposition. While much of the listed exhibits consists of evidence that is inextricably intertwined with the crime itself, the remainder consists of evidence that should be admitted as proof of intent and predisposition.

Generally speaking, we do not plan to introduce evidence that your client was a lazy cop unless you introduce evidence suggesting that he was a productive cop. That being said, there likely will be evidence that he watched videos in a "break room" when he should have been out patrolling.

3. Further, pursuant to Paragraph I(6) of the Discovery Order entered in this case on January 18, 2017, I request that you permit me (or a government agent) to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which you intend to use in the defendant's case-in-chief at trial.

4. Similarly, pursuant to Paragraph I(7) of the Discovery Order entered in this case on January 18, 2017, I request that you permit me (or a government agent) to inspect and copy any results or reports of examinations, tests, or experiments made in connection with this case which you intend to use in the defendant's case-in-chief at trial, or which were prepared by a witness whom you intend to call at the trial when the results or reports relate to his testimony.

5. With respect to the "Yoda in da house" information, I am surprised that you moved to exclude it as hearsay. It is not included on the list of government exhibits that we provided you, and we never said that it was going to be presented at trial. Regardless of the merits of your hearsay argument, we have no plans to introduce it in our case-in-chief.

In accordance with our discovery obligations, we have provided you all sorts of information of varying utility; the "Yoda in da house" information simply was more information for your consideration. In response to your representation to Judge Brinkema - - that "[t]o date, the government has offered no evidence that the real-life terrorist group does in fact send requests to Virginians, or Americans generally, for petty contributions such as gift cards . . . [and] will never offer that evidence" - - we provided it to you as part of our discovery production.

Thank you for your cooperation.

Sincerely,

Dana J. Boente
United States Attorney

By: _____

Gordon D. Kromberg
Assistant United States Attorney

cc:   John Gibbs
      Nicholas Caslen